UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:  CASE NO. 13-27376-BKC-LMI
CHAPTER 7 Proceeding

BAEZ, ISEL

_____Debtor_____/

**TRUSTEE'S OBJECTION(S) TO CLAIM(S)**

**IMPORTANT NOTICE TO CREDITORS:
THIS IS AN OBJECTION TO YOUR CLAIM**

This objection seeks to either disallow, reduce the amount, or change the priority status of the claim filed by you or on your behalf. Please read the objection(s) carefully to identify which claim is objected to and what disposition is recommended for your claim.

If you disagree with the objection or the recommended treatment of your claim, then you must file a written response **WITHIN 30 DAYS** from the date of service stated in this objection, explaining why your claim should be allowed as presently filed, and you must mail a copy to the undersigned Trustee, MARIA M. YIP, OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.

If you mail your response to the Court for filing, you must mail it to the United States Bankruptcy Court, C. Clyde Atkins U.S. Courthouse, 301 N. Miami Ave, Suite 150, Miami, FL 33128, early enough so the Court will receive it on or before **November 21st, 2014**.

The written response must contain the case name and case number. If you or your attorney does not take these steps, the Court may decide that you do not oppose the objection to your claim.

Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1, the Trustee objects to the following claim(s) filed in this case:

| Claim No | Claimant Name | Claim Amount | Recommended Disposition of Claim |
|---|---|---|---|
| 1 | American InfoSource, LP as agent for Midland Funding, LLC | 4,165.16 (Unsecured) | Claimant has filed a standard proof of claim form with no additional documentation, or with a one-page summary sheet attached showing |

| | | | nothing more than the debtor's name, account number and total alleged debt. The filing fails to comply with Bankruptcy Rule 3001(c) because the claim is based upon an original writing and other documentation reflecting the accrual of the balance. At a minimum, the claimant should be required to provide a sufficient number of monthly account statements to show how the total amount asserted has been calculated and a copy of the agreement authorizing the charges and fees included within the claim. If such documentation is not provided by the response date, then the claim should be disallowed. |
|---|---|---|---|
| 2 | Cavalry SPV I, LLC as assignee of HSBC Bank Nevada Cavalry SPV I, LLC | 744.98 (Unsecured) | Claimant has filed a standard proof of claim form with no additional documentation, or with a one-page summary sheet attached showing nothing more than the debtor's name, account number and total alleged debt. The filing fails to comply with Bankruptcy Rule 3001(c) because the claim is based upon an original writing and other documentation reflecting the accrual of the balance. At a minimum, the claimant should be required to provide a sufficient number of monthly account statements to show how the total amount asserted has been calculated and a copy of the agreement authorizing the charges and fees included within the claim. If such documentation is not provided by the response date, then the claim should be disallowed. |
| 3 | American InfoSource, LP as agent for TD Bank, USA | 1,414.27 (Unsecured) | Claimant has filed a standard proof of claim form with no additional documentation, or with a one-page summary sheet attached showing nothing more than the debtor's name, account number and total alleged debt. The filing fails to comply with Bankruptcy Rule 3001(c) because the |

| | | | |
|---|---|---|---|
| | | | claim is based upon an original writing and other documentation reflecting the accrual of the balance. At a minimum, the claimant should be required to provide a sufficient number of monthly account statements to show how the total amount asserted has been calculated and a copy of the agreement authorizing the charges and fees included within the claim. If such documentation is not provided by the response date, then the claim should be disallowed. |
| 5 | Merrick Bank | 2,271.69 (Unsecured) | Claimant has filed a standard proof of claim form with no additional documentation, or with a one-page summary sheet attached showing nothing more than the debtor's name, account number and total alleged debt. The filing fails to comply with Bankruptcy Rule 3001(c) because the claim is based upon an original writing and other documentation reflecting the accrual of the balance. At a minimum, the claimant should be required to provide a sufficient number of monthly account statements to show how the total amount asserted has been calculated and a copy of the agreement authorizing the charges and fees included within the claim. If such documentation is not provided by the response date, then the claim should be disallowed. |
| 6 | American InfoSource, LP as agent for American Honda Finance | 11,906.15 (Unsecured) | Claimant has filed a standard proof of claim form with no additional documentation, or with a one-page summary sheet attached showing nothing more than the debtor's name, account number and total alleged debt. The filing fails to comply with Bankruptcy Rule 3001(c) because the claim is based upon an original writing and other documentation reflecting the accrual of the balance. At a minimum, the claimant should be required to |

| | | | |
|---|---|---|---|
| | | | provide a sufficient number of monthly account statements to show how the total amount asserted has been calculated and a copy of the agreement authorizing the charges and fees included within the claim. If such documentation is not provided by the response date, then the claim should be disallowed. |
| 7 | American InfoSource, LP as agent for T- Mobile/T-Mobile USA, Inc | 1,873.66 (Unsecured) | Claimant has filed a standard proof of claim form with no additional documentation, or with a one-page summary sheet attached showing nothing more than the debtor's name, account number and total alleged debt. The filing fails to comply with Bankruptcy Rule 3001(c) because the claim is based upon an original writing and other documentation reflecting the accrual of the balance. At a minimum, the claimant should be required to provide a sufficient number of monthly account statements to show how the total amount asserted has been calculated and a copy of the agreement authorizing the charges and fees included within the claim. If such documentation is not provided by the response date, then the claim should be disallowed. |
| 8 | Cerastes, LLC | 2,358.20 (Unsecured) | Claimant has filed a standard proof of claim form with no additional documentation, or with a one-page summary sheet attached showing nothing more than the debtor's name, account number and total alleged debt. The filing fails to comply with Bankruptcy Rule 3001(c) because the claim is based upon an original writing and other documentation reflecting the accrual of the balance. At a minimum, the claimant should be required to provide a sufficient number of monthly account statements to show how the total amount asserted has been calculated and a copy of the agreement |

| | | | authorizing the charges and fees included within the claim. If such documentation is not provided by the response date, then the claim should be disallowed. |
|---|---|---|---|

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on those parties listed below via the manner stated.

Dated: October 22, 2014                                      By: */s/ Maria M. Yip, Trustee*
                                                                                    MARIA M. YIP, TRUSTEE
                                                                                    One Biscayne Tower
                                                                                    2 S. Biscayne Blvd, Suite 2690
                                                                                    Miami, FL 33131
                                                                                    Telephone: (305) 908-1862
                                                                                    Facsimile: (786) 800-3903
                                                                                    Email: trustee@yipcpa.com

Via Electronically:

Antonio Alonso, Esq on behalf of Creditor
Select Portfolio Servicing Inc
antonio.alonso@clegalgroup.com,
jairo.garcia@clegalgroup.com;
BKMailFromCourt@clegalgroup.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Robert Sanchez, Esq on behalf of Debtor Isel
Baez court@bankruptcyclinic.com,
courtECFmail@gmail.com

Via First Class Mail:

American InfoSource, LP as agent for
Midland Funding, LLC
PO Box 268941
Oklahoma City, OK 73126-8941

Cavalry SPV I, LLC as assignee of
HSBC Bank Nevada
Cavalry SPV I, LLC
500 Summit Lake Drive, Suite 400
Valhalla, NY 10595

American InfoSource LP as agent for
TD Bank, USA
PO Box 248866
Oklahoma City, OK 73124-8866

Merrick Bank
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Merrick Bank
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

American InfoSource LP as agent for
American Honda Finance
PO Box 248838
Oklahoma City, OK 73124-8838

American InfoSource LP as agent for
T Mobile/T-Mobile USA Inc
PO Box 248848
Oklahoma City, OK 73124-8848

Cerastes, LLC
c/o Weinstein, Pinson & Riley, PS
2001 Western Avenue, Suite 400
Seattle, WA 98121

Cerastes, LLC
c/o Weinstein, Pinson & Riley, PS
PO Box 3978
Seattle, WA 98124